**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERNEST BROWN,

                Plaintiff,

                                      Case No. 3:11-cv-187-J-JRK

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Ernest Brown ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his application for supplemental security income ("SSI"). Plaintiff's alleged inability to work stems from liver and back problems, his diagnosis of Hepatitis C, and blood in his urine. Transcript of Administrative Proceedings (Doc. No. 11; "Tr."), filed May 6, 2011, at 119. On July 17, 2009, Plaintiff filed an application for SSI, alleging an onset date of July 1, 2004. Tr. at 103-05. Plaintiff's claim was denied initially, Tr. at 36-38, and was denied upon reconsideration, Tr. at 46-48. On July 23, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff and a vocational expert testified. Tr. at 19-33. During the hearing, Plaintiff amended his alleged onset date to June 30, 2009, the date Plaintiff protectively filed an application for SSI.[2] Tr. at 21. The

---

[1]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 12), filed May 6, 2011; Order of Reference (Doc. No. 14), entered May 10, 2011.

[2]       At the hearing before the ALJ, Plaintiff's attorney requested that the alleged onset date be amended to July 17, 2009, the date Plaintiff's SSI application was filed. Tr. at 21; see also Tr. at 103-05. The ALJ responded by noting that there is a "protected filing date" of June 30, 2009, and Plaintiff's attorney agreed that June 30, 2009 should be the amended alleged onset date. Tr. at 21.

ALJ issued a Decision on August 25, 2010, finding Plaintiff not disabled from June 30, 2009, the amended alleged onset date, through the date of the Decision. Tr. at 10-15. On January 10, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) on February 28, 2011, seeking judicial review of the Commissioner's final decision. Plaintiff has exhausted his administrative remedies, and this case is properly before the Court.

One issue is raised on appeal. Plaintiff frames the issue as whether the ALJ fully and fairly developed the record. See Memorandum in Support of Complaint (Doc. No. 18; "Pl.'s Mem."), filed July 1, 2011.[3] The only argument Plaintiff makes with any specificity is that the ALJ improperly rejected an opinion of Wendy Bowersox, a single decision maker ("SDM"),[4] without providing sufficient reasons for doing so.[5] Pl.'s Mem. at 4-5. The Commissioner argues that "[n]othing in the record indicates that Ms. Bowersox is a physician or other 'acceptable medical source' entitled to any special deference by the ALJ and Plaintiff has not provided any evidence that [Ms. Bowersox] is such an acceptable medical source,

---

[3] All references to page numbers in Plaintiff's Memorandum are to the numbers assigned by the Electronic Case Filing system.

[4] A SDM is an individual assigned by the Social Security Administration to "make the [initial] disability determination and [who] may also determine whether the other conditions for entitlement to benefits based on disability are met. The [SDM] will make the disability determination after any appropriate consultation with a medical or psychological consultant." 20 C.F.R. § 404.906(b)(2); see also 20 C.F.R. § 404.906(a).

[5] Plaintiff was advised in the Scheduling Order (Doc. No. 13) entered May 9, 2011, at 1, that he "must identify with particularity the grounds upon which the administrative decision is being challenged" and that any such challenge "must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards. Any contention for which these requirements are not met is subject to being disregarded for insufficient development." Accordingly, the Court addresses only the argument for which Plaintiff provides sufficient particularity for the Court to determine the portion of the ALJ's Decision that is being challenged.

despite Plaintiff's statements that [Ms. Bowersox] is a doctor." Memorandum in Support of the Commissioner's Decision (Doc. No. 19), filed September 2, 2011, at 7 (citations omitted).

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-15. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since June 30, 2009, the application date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ observed Plaintiff suffers from "the following severe impairments: back pain resulting from degenerative arthritis, Hepatitis C, and a history of hematuria." Tr. at 12 (emphasis and citation omitted). The ALJ then detailed pertinent portions of Plaintiff's medical history before finding at step three that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted). The ALJ

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

ascertained Plaintiff "has the residual functional capacity [("RFC")] to perform the full range of medium work as defined in 20 CFR [§] 416.967(c)." Tr. at 13 (emphasis omitted). Then, at step four, the ALJ determined Plaintiff "is unable to perform any past relevant work." Tr. at 14 (emphasis and citation omitted). Finally, at step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 15 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since June 30, 2009, the date the application was filed." Tr. at 15 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The

decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises one issue. Plaintiff states that the ALJ "assigned no evidentiary weight to Dr. Bowersox because she was the [SDM]." Pl.'s Mem. at 4. Plaintiff goes on to explain that "[i]t is unclear from the record what difference if any, there is between a medical consultant and a [SDM] . . . ." Id. Plaintiff then acknowledges that an ALJ "can certainly reject the opinions of Dr. Bowersox;" however, Plaintiff asserts that "the duty of the [ALJ] is to state the reasons for the rejection . . . ." Id. at 5. Before addressing the legal merits of Plaintiff's argument, a summary of Ms. Bowersox's opinion and the ALJ's treatment of that opinion is provided to place the issue in context.

Wendy Bowersox, a SDM, completed a Physical RFC Assessment form on September 30, 2009. Tr. at 210-17. On the form, Ms. Bowersox made the following findings regarding Plaintiff's exertional limitations. See Tr. at 210-17. Plaintiff's primary diagnosis is Hepatitis C, and his secondary diagnosis is back pain. Tr. at 210. Plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. Tr. at 211. Plaintiff can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday, and Plaintiff can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. Tr. at 211. Plaintiff's ability to push and/or pull (including operation of hand and/or foot controls) is unlimited, other than as shown for lift and/or carry. Tr. at 211. Plaintiff does not have any postural, manipulative, visual, communicative, or environmental limitations. Tr. at 212-14. Ms. Bowersox also indicated that she reviewed a medical source

statement regarding Plaintiff's physical capacities and that the findings made in that statement are not significantly different from her findings. Tr. at 216.

Based on the summary of the statement and the date on which Ms. Bowersox indicated the exam was performed, it appears the medical source statement that Ms. Bowersox reviewed is the one completed by Ciceron V. Lazo, M.D. on September 21, 2009. Tr. at 203-05. In that report, Dr. Lazo noted that Plaintiff presents with Hepatitis C. Tr. at 203. Dr. Lazo indicated that Plaintiff "insists that all his friends who have Hep[atitis] C have received disability and now [Plaintiff] wants it to[o]." Tr. at 203. When Dr. Lazo asked Plaintiff what symptoms he has that would lead him to believe he is disabled, Plaintiff apparently replied that "he is 54 and cannot find a job." Tr. at 203. Plaintiff also told Dr. Lazo that he has back pain, but Plaintiff refused to discuss how that pain affects him because he told Dr. Lazo he is not filing for disability based on his back pain. Tr. at 203. Dr. Lazo concluded that Plaintiff has a history of Hepatitis C with no particular complaints and no remarkable physical findings. Tr. at 204.

In the Decision, the ALJ summarized the opinion evidence in the record, including Plaintiff's own testimony, and then explained the weight he assigned to each opinion. Tr. at 14. In discrediting Plaintiff's "allegations concerning symptoms and limitations associated with his impairments," the ALJ noted that Plaintiff's statements are "called into serious doubt by Dr. Lazo's notes from his September 21, 2009 consultative examination." Tr. at 14. The ALJ detailed Dr. Lazo's findings and then concluded that Plaintiff's allegations are not supported by the medical evidence of record. Tr. at 14. As to Ms. Bowersox's opinion, the ALJ indicated that he "considered the opinion of the State agency consultant Wendy

Bowersox but assign[ed] this opinion no evidentiary weight, as Ms. Bowersox is a [SDM]." Tr. at 14.

"In Florida, a [SDM] is assigned to make the initial disability determination after 'appropriate consultation with a medical or psychological consultant.'" Siverio v. Comm'r of Soc. Sec., No. 11-12450, 2012 WL 573588, at *2 (11th Cir. Feb. 23, 2012) (unpublished) (quoting 20 C.F.R. § 404.906(b)(2)). The designation as a SDM does not carry with it any corresponding medical credentials. See id. (citing 20 C.F.R. § 404.906(a), (b)(2)). "Indeed, the [Social Security Administration]'s Program Operations Manual System . . . explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that 'SDM-completed forms are not opinion evidence at the appeals level.'" Id. (citation omitted); see also Tabb v. Astrue, No. 11-0287-M, 2012 WL 206155, at *4 (S.D. Ala. Jan. 24, 2012) (unpublished) (noting that "[a]n SDM's assessment is not opinion evidence that an ALJ may rely upon in reaching a disability determination"); Robertson v. Astrue, No. 11-0205-N, 2011 WL 6151548, at *2 n.2 (S.D. Ala. Dec. 12, 2011) (unpublished) (observing that a SDM is not an acceptable medical source and the opinion of a SDM "is not evidence that the ALJ may properly rely upon"); Bolton v. Astrue, No. 3:07-cv-612-J-HTS, 2008 WL 2038513, at *4 (M.D. Fla. May 12, 2008) (unpublished) (recognizing that a SDM is not a medical professional and that a finding from a SDM is not entitled to any weight as a medical opinion); Casey v. Astrue, No. 07-0878-C, 2008 WL 2509030, at *4 n.3 (S.D. Ala. June 19, 2008) (stating that "an RFC assessment completed by a disability specialist is entitled to no weight").

Although Plaintiff refers to the SDM as "Dr. Bowersox," there is nothing in the record to indicate that she has any medical credentials. As a SDM with no apparent medical

credentials, Ms. Bowersox's opinion is not an opinion of an acceptable medical source. See 20 C.F.R. §§ 404.1513(a), 416.913(a). Because an opinion of a SDM is not entitled to any weight, the ALJ did not err when he assigned "no evidentiary weight" to Ms. Bowersox's opinion.

### V. Conclusion

After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence. The ALJ did not err in assigning "no evidentiary weight" to the SDM's opinion. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 19, 2012.

_____
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of Record

-8-